IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN MOORE, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| SOTERIA PROTECTION, LLC, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff John Moore ("Plaintiff"), and files this lawsuit against Defendant Soteria Protection, LLC ("Defendant"), and shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally

mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA"). Plaintiff also brings an FLSA retaliation claim.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia business and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III.  Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from approximately July 15, 2021 to August 19, 2021.

7.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

Plaintiff was employed by Defendant as a non-exempt security guard, and his primary job duty was manual labor, specifically tasks involved in providing security guard services for Defendant's customers.

9.

Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours worked over (40) in such weeks.

10.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

11.

During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

12.

Plaintiff was paid an hourly rate for all hours worked, without overtime compensation calculated at one and one-times his regular rate of pay for hours he worked in excess of (40) hours in given workweeks.

13.

On or about August 2, 2021, Plaintiff complained to his supervisor, Daniel, about his overtime pay and his paycheck being short.

14.

On or about August 19, 2021, Defendant terminated Plaintiff's employment.

15.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation in response to his protected activity.

16.

Plaintiff has suffered damages, including lost wages and emotional distress as a result of Defendant's retaliatory action, for which he is entitled to recover.

17.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Natoshia Yuwanda Dwight, 2001 M.L.K. Jr. Dr. SW, #302, Atlanta, GA 30310.

## Count I

### Violation of 29 U.S.C. § 215(a)(3)
### (FLSA Retaliation)

18.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

19.

Plaintiff engaged in protected activity by opposing Defendant's willful refusal to pay overtime compensation to an employee. Plaintiff therefore engaged in protected activity under the FLSA.

20.

Defendant responded to Plaintiff's protected activity by terminating his employment.

21.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

22.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

23.

Defendant was prohibited from retaliating against Plaintiff because she engaged in activity protected under the FLSA.

24.

Defendant's actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

25.

Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

26.

Defendant's violations of the FLSA were willful and in bad faith.

27.

Plaintiff engaged in statutorily protected activity under the FLSA by opposing an employment practice he believed was unlawful under the FLSA.

28.

Plaintiff's statutorily protected activity was the determinative factor in Defendant's decision to terminate his employment.

29.

As a direct and proximate result of the retaliation, Plaintiff has sustained damages, including lost wages and emotional distress, for which he is entitled to recover from Defendant.

30.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Count II

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

31.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

32.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

33.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

34.

Defendant suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

35.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

36.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

37.

Defendant's violations of the FLSA were willful and in bad faith.

38.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)　Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)　Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment

interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D) Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E) Grant Plaintiff leave to add additional state law claims if necessary; and

(F) Award Plaintiff such further and additional relief as may be just and appropriate.

This 2nd day of December, 2021.

                                  **BARRETT & FARAHANY**

                                  <u>/s/ V. Severin Roberts</u>
                                  V. Severin Roberts
                                  Georgia Bar No. 940504
                                  Attorney for Plaintiff John Moore

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile